BENJAMIN B. WAGNER
United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2730
Facsimile: (916) 554-2900

JOCELYN SAMUELS
Acting Assistant Attorney General
CHIRAAG BAINS
Trial Attorney
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue
Washington, DC 20530
Telephone: (202) 514-3204

Attorneys for Plaintiff
United States of America

FILED
MAR 11 2014
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTHONY TYLER,

    Defendant.

CASE NO. 2:13-CR-0011 JAM

PLEA AGREEMENT OF ANTHONY TYLER

DATE: February 18, 2014
TIME: 9:45 a.m.
COURT: Hon. John A. Mendez

I. **INTRODUCTION**

A. **Scope of Agreement**

The indictment in this case charges the defendant with a violation of Title18, United States Code, Section 371 (conspiracy) and Ttitle18, United States Code, Section 249 (hate crime). This document contains the complete plea agreement between the United States Attorney's Office for the Eastern District of California (the "government") and the defendant regarding this case. This plea agreement is limited to the United States Attorney's Office for the Eastern District of California and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

PLEA AGREEMENT      1

### B. Court Not a Party

The Court is not a party to this plea agreement. Sentencing is a matter solely within the discretion of the Court, and the Court may take into consideration any and all facts and circumstances concerning the criminal activities of defendant, including activities that may not have been charged in the indictment. The Court is under no obligation to accept any recommendations made by the government, and the Court may in its discretion impose any sentence it deems appropriate up to and including the statutory maximum stated in this plea agreement.

If the Court should impose any sentence up to the maximum established by the statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and he will remain bound to fulfill all of the obligations under this plea agreement. The defendant understands that neither the prosecutor, defense counsel, nor the Court can make a binding prediction or promise regarding the sentence he will receive.

## II. DEFENDANT'S OBLIGATIONS

### A. Guilty Plea

The defendant will plead guilty to Count 2 of the Indictment. The defendant agrees that he is in fact guilty of that charge and that the facts set forth in the Factual Basis For Plea attached hereto as Exhibit A are accurate.

The defendant agrees that this plea agreement will be filed with the Court and become a part of the record of the case. The defendant understands and agrees that he will not be allowed to withdraw his plea should the Court not follow the government's sentencing recommendations.

The defendant agrees that the statements made by him in signing this Agreement, including the factual admissions set forth in the factual basis, shall be admissible and useable against the defendant by the United States in any subsequent criminal or civil proceedings, even if the defendant fails to enter a guilty plea pursuant to this Agreement. The defendant waives any rights under Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, to the extent that these rules are inconsistent with this paragraph or with this Agreement generally.

### B. Sentencing Recommendation

The defendant is free to recommend to the Court whatever sentence he believes is appropriate

under 18 U.S.C. § 3553(a). The United States may oppose any such argument.

### C. Fine

The defendant agrees to pay a fine if one is imposed by the court.

### D. Special Assessment

The defendant agrees to pay a special assessment of $100 at the time of sentencing by delivering a check or money order payable to the United States District Court to the United States Probation Office immediately before the sentencing hearing. The defendant understands that this plea agreement is voidable at the option of the government if he fails to pay the assessment prior to that hearing. If the defendant is unable to pay the special assessment at the time of sentencing, he agrees to earn the money to pay the assessment, if necessary by participating in the Inmate Financial Responsibility Program.

### E. Defendant's Violation of Plea Agreement or Withdrawal of Plea

If the defendant violates this plea agreement in any way, withdraws his plea, or tries to withdraw his plea, this plea agreement is voidable at the option of the government. The government will no longer be bound by its representations to the defendant concerning the limits on criminal prosecution and sentencing as set forth herein. One way a defendant violates the plea agreement is to commit any crime or provide any statement or testimony which proves to be knowingly false, misleading, or materially incomplete. Any post-plea conduct by a defendant constituting obstruction of justice will also be a violation of the agreement. The determination whether the defendant has violated the plea agreement shall be decided under a probable cause standard.

If the defendant violates the plea agreement, withdraws his plea, or tries to withdraw his plea, the government shall have the right: (1) to prosecute the defendant on any of the counts to which he pleaded guilty; (2) to reinstate any counts that may be dismissed pursuant to this plea agreement; and (3) to file any new charges that would otherwise be barred by this plea agreement. The defendant shall thereafter be subject to prosecution for any federal criminal violation of which the government has knowledge, including perjury, false statements, and obstruction of justice. The decision to pursue any or all of these options is solely in the discretion of the United States Attorney's Office.

By signing this plea agreement, the defendant agrees to waive any objections, motions, and defenses that the defendant might have to the government's decision to exercise the options stated in the

previous paragraph. Any prosecutions that are not time-barred by the applicable statute of limitations as of the date of this plea agreement may be commenced in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement of any such prosecutions. The defendant agrees not to raise any objections based on the passage of time with respect to such counts including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment to any counts that were not time-barred as of the date of this plea agreement.

In addition: (1) all statements made by the defendant to the government or other designated law enforcement agents, or any testimony given by the defendant before a grand jury or other tribunal, whether before or after this plea agreement, shall be admissible in evidence in any criminal, civil, or administrative proceedings hereafter brought against the defendant; and (2) the defendant shall assert no claim under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule, that statements made by the defendant before or after this plea agreement, or any leads derived therefrom, should be suppressed. By signing this plea agreement, the defendant waives any and all rights in the foregoing respects.

### III. THE GOVERNMENT'S OBLIGATIONS

#### A. Dismissals

The government agrees to move, at the time of sentencing, to dismiss without prejudice the remaining counts in the pending indictment. The government also agrees not to reinstate any dismissed count except if this agreement is voided as set forth herein, or as provided in II.E (Defendant's Violation of Plea Agreement), VI.B (Guidelines Calculations), and VII.B (Waiver of Appeal) herein.

#### B. Recommendations

##### 1. Incarceration Range

The government will recommend that the defendant be sentenced to the low end of the applicable guideline range as for this offense as determined by the Court.

##### 2. Acceptance of responsibility

The government will recommend a two-level reduction (if the offense level is less than 16) or a three-level reduction (if the offense level reaches 16) in the computation of defendant's offense level if

PLEA AGREEMENT 4

he clearly demonstrates acceptance of responsibility for his conduct as defined in U.S.S.G. § 3E1.1. This includes the defendant meeting with and assisting the probation officer in the preparation of the pre-sentence report, being truthful and candid with the probation officer, and not otherwise engaging in conduct that constitutes obstruction of justice within the meaning of U.S.S.G § 3C1.1, either in the preparation of the pre-sentence report or during the sentencing proceeding.

### C. Use of Information for Sentencing

The government is free to provide full and accurate information to the Court and the United States Probation Office ("Probation"), including answering any inquiries made by the Court and/or Probation, and rebutting any inaccurate statements or arguments by the defendant, his attorney, Probation, or the Court. The defendant also understands and agrees that nothing in this Plea Agreement bars the government from defending on appeal or collateral review any sentence that the Court may impose.

## IV. ELEMENTS OF THE OFFENSE

At a trial, the government would have to prove beyond a reasonable doubt the following elements of the offense to which the defendant is pleading guilty, hate crime in violation of Title 18, U.S. Code, Section 249, and aiding and abetting in violation of Title 18, U.S. Code, Section 2:

(1) the defendant willfully caused bodily injury to another person; and

(2) the defendant acted because of the actual or perceived race, color, religion or national origin of any person.

The defendant understands that the defendant could be convicted as a principal or as an aider and abettor. The defendant fully understands the nature and elements of the crimes charged in the indictment to which he is pleading guilty, together with the possible defenses thereto, and has discussed them with his attorney.

## V. MAXIMUM SENTENCE

### A. Maximum penalty

The maximum sentence that the Court can impose is 10 years of incarceration, a fine of $250,000, a 3 year period of supervised release, and a special assessment of $100.

B.  **Violations of Supervised Release**

The defendant understands that if he violates a condition of supervised release at any time during the term of supervised release, the Court may revoke the term of supervised release and require the defendant to serve up to two years of additional imprisonment.

## VI.  SENTENCING DETERMINATION

A.  **Statutory Authority**

The defendant understands that the Court must consult the Federal Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines and must take them into account when determining a final sentence. The defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines. The defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines. The defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

B.  **Guideline Calculations**

The government and the defendant agree that there is no material dispute as to the following sentencing guidelines variables and therefore stipulate to the following:

    1. Base Offense Level: +14 (§2A2.2(a))
    2. Specific Offense Characteristics:
        (a) Victim Sustained Bodily Injury: +3 (§2A2.2(b)(3)(A))
    3. Victim-related Adjustments:
        (a) Hate Crime Motivation +3 (§3A1.1(a))
    4. Obstruction Adjustment: None
    5. Acceptance of Responsibility: -3 (§3E1.1)

**6. Application of §2A2.2(b)(2)(B):** The parties do not agree as to the applicability of the specific offense characteristic for use of a dangerous weapon, specifically a crow bar or tire iron, under USSG §2A2.2(b)(2)(B), and therefore reserve their rights to argue their respective positions on that issue. If it applies, it would increase the base offense level by four levels.

**7. Role in the Offense Adjustment under § 3B1.2:** The parties also do not agree as to the applicability of a downward adjustment for minor participant, under USSG §3B1.2(b), and therefore reserve their rights to argue their respective positions on that issue. If it applies, it would decrease the offense level by two levels.

**8. Criminal History:** The parties will leave calculation of the defendant's criminal history score to the Probation Officer, and reserve the right to argue with respect to the calculation of his criminal history.

## VII.  WAIVERS

### A. Waiver of Constitutional Rights

The defendant understands that by pleading guilty he is waiving the following constitutional rights:

1. Public and Speedy Trial: If defendant were to continue with his plea of not guilty to the charges in the indictment, he would be entitled to a public and speedy trial.

2. Jury Trial, Presumption of Innocence, and Unanimous Verdict: The defendant has an absolute right to a jury trial. At that trial, the jury would be instructed that the defendant is presumed innocent and that he carries that presumption throughout the trial until such time as the government overcomes the presumption by evidence adduced at the trial. The jury would be further instructed that it could not convict the defendant unless all twelve jurors agreed that the government had proved guilt beyond a reasonable doubt.

3. Confrontation of Witnesses: At the trial, the defendant would be entitled to see, hear and confront the witnesses and the evidence against him. These witnesses would be testifying under the penalty of perjury and would be subject to cross-examination by the defendant's attorney.

4. Compulsory Process: At the trial, the defendant would be entitled to present witnesses and other evidence in his own behalf and, if the witnesses refused to appear voluntarily, the defendant would

be entitled to use the court's process to compel their attendance.

5. Privilege Against Self-Incrimination: At a trial, the defendant would have a privilege against self-incrimination so that he could not be compelled to testify and the jury could be instructed that no inference of guilt could be drawn from the defendant's failure to testify.

6. Right to Appeal: If, after a trial, the defendant were convicted, he would have a right to appeal the conviction.

7. Representation of Counsel: The defendant is entitled to be represented by competent counsel through all stages of the case, including appeal, and if the defendant could not afford an attorney one would be appointed for him by the court.

Defendant understands that by pleading guilty he is waiving all of the rights set forth above. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights and the defendant freely and voluntarily consents to said waiver.

B. **Waiver of Appeal and Collateral Attack**

The defendant understands that the law gives the defendant a right to appeal his guilty plea, conviction, and sentence. The defendant agrees as part of his plea/pleas, however, to give up the right to appeal the guilty plea, conviction, and the sentence imposed in this case as long as the sentence does not exceed the top of the guideline range calculated by the Probation Officer. The defendant specifically gives up the right to appeal any order of restitution the Court may impose.

Notwithstanding the defendant's waiver of appeal, the defendant will retain the right to appeal if one of the following circumstances occurs: (1) the sentence imposed by the District Court exceeds the statutory maximum; and/or (2) the government appeals the sentence in the case. The defendant understands that these circumstances occur infrequently and that in almost all cases this Agreement constitutes a complete waiver of all appellate rights.

In addition, regardless of the sentence the defendant receives, the defendant also gives up any right to bring a collateral attack, including a motion under 28 U.S.C. § 2255 or § 2241, challenging any aspect of the guilty plea, conviction, or sentence, except for non-waivable claims.

Notwithstanding the agreement in paragraph III.A (Dismissals) above that the government will move to dismiss counts against the defendant, if the defendant ever attempts to vacate his plea, dismiss

the underlying charges, or modify or set aside his sentence on any of the counts to which he is pleading guilty, the government shall have the rights set forth in paragraph II.E (Defendant's Violation of Plea Agreement) herein.

### C. Waiver of Attorneys' Fees and Costs

The defendant agrees to waive all rights under the "Hyde Amendment," Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations (including without limitation any charges to be dismissed pursuant to this plea agreement and any charges previously dismissed).

## VIII. ENTIRE PLEA AGREEMENT

Other than this plea agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## IX. APPROVALS AND SIGNATURES

### A. Defense Counsel

I have read this plea agreement and have discussed it fully with my client. The plea agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this plea agreement.

Dated: 02·10·14

RON PETERS
Counsel for Defendant Anthony Tyler

### B. Defendant

I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines that may apply to my case. No other promises or inducements have been made to me, other than those contained in this plea agreement. In addition, no one has threatened or forced me in any way to enter into this plea agreement.

Finally, I am satisfied with the representation of my attorney in this case.

Dated: 2/10/14

_____
ANTHONY TYLER, Defendant

### C. Attorney for the United States

I accept and agree to this plea agreement on behalf of the government.

Dated: February 19, 2014

BENJAMIN B. WAGNER
United States Attorney

/s/ Benjamin Wagner

# EXHIBIT "A"
## Factual Basis for Plea

If this matter proceeded to trial, the United States would establish the following facts beyond a reasonable doubt:

On April 18, 2011, around 10:45 p.m., two friends - R.C., a white man, and S.L., a black woman - parked their car at a gas station convenience store called "Full Stop" in Marysville. Shortly after R.C and S.L. pulled into the parking spot, three white men - defendants Billy Hammett, Perry Jackson and Anthony Tyler - commenced an unprovoked attack on R.C. and S.L as R.C. sat in the passenger seat and S.L. sat in the driver seat their car. The entire attack is caught on the store's video surveillance camera.

At the outset of the attack Jackson called R.C. a "nigger lover" and punched R.C. twice in the head through the open passenger window. At the same time, Hammett called Lacy a "nigger," kicked her in the chest, and tried to pull her out of the car. A few seconds later, Tyler smashed the car's windshield with a crowbar. As the attack continued, S.L. managed to free herself and take refuge inside the convenience store. At that point, all three defendants descended upon R.C. and began pummeling him in the parking lot. As a result of the attack, R.C. sustained abrasions on his right forearm and knees; Lacy suffered pain and bruising to her chest.

Shortly after the attack Tyler had a brief conversation with a black female friend of R.C. and S.L. who had arrived at the convenience store in a separate car at the same time as R.C. and S.L. After witnessing the attack, the friend asked Tyler what his problem was and Tyler responded that his "problem" was "people like you niggers." Both Hammett and Tyler have white supremacist tattoos.

Dated: 3/11/2014

_____
ANTHONY TYLER, Defendant