**Law Offices of Ron Peters**
**RON PETERS (SBN: 45749)**
**50 Fullerton Court, Suite 207**
**Sacramento, California 95825**
**Telephone: (916) 922-9270**
**Facsimile:   (916) 922-2465**
**Email: ronslaw207@sbcglobal.net**

**Attorney for Defendant**
**ANTHONY MERRELL TYLER**

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> **Plaintiff,** <br><br> **vs.** <br><br> **ANTHONY MERRELL TYLER,** <br><br> **Defendant** | **Case No.:  13-CR-011 JAM** <br><br> **DEFENDANT'S SENTENCING MEMORANDUM** <br><br> **DATE: October 14, 2014** <br> **TIME: 9:30 a.m.** <br> **COURT: Hon. John A. Mendez** |

### I. PROCEDURAL BACKGROUND

On October 14, 2014, Anthony Merrell Tyler, will appear before this Court for

sentencing following his guilty plea to a violation of 18 U.S.C. section 249. The Defendant,

Anthony Merrell Tyler, respectfully submits this memorandum recommending a sentence in the

lowest guideline range.

Defendant was charged in a three count indictment on January 16, 2013, for his role in an

assault that occurred on April 18, 2011, in Marysville, CA.  On March 11, 2014, the defendant

pled guilty to count 2 of a three count indictment for violation of 18 U.S.C. section 249. On

December 17, 2013, co-Defendant, Percy Sylvester Jackson, pled guilty to Count 2 for violation

DEFENDANT'S SENTENCING MEMORANDUM

of 18 U.S.C. Section 249 and was sentenced on April 22, 2014 to 70 months.  Co-Defendant, Billy James Hammett, pled guilty on the same day and was sentenced on March 25, 2014, to 87 months in prison.

The Presentence Report ("PSR") calculates the defendant's criminal history category as III (PSR Paragraph 44), and the corresponding sentence guidelines range as 46-57 months .  The Probation office recommends that there are no factors that suggest a departure from that guideline range.  For reasons set forth below the defendant believes that there are factors under USC Section 3553 that warrant a departure from those guidelines including the fact that the criminal history is overstated.

## II. DEFENDANT'S BACKGROUND

Defendant has been involved with his significant other Latisha for 13 years.  He has two children an 11 year old daughter, Juliana, with Latisha and a 16 year old son, Jacob, from a previous relationship.  Both of the children's mothers are of Mexican-American descent.  Both children are of Mexican-American descent.

Defendant has a previous history of alcohol abuse.  He had his first drink when he was 14 years of age.  His youthful indiscretions with drinking occurred after his brother died at a young age.  He got some tattoos when he was 16, a "white pride tattoo" and some other tattoos that he has covered up due to embarrassment.  He also began drinking more heavily at that time.  However, he has no previous history of any racially motivated violence or gang affiliation.

The Defendant obtained his GED degree in 1998.  He obtained his heavy equipment operator certificate in March 2014 and is a journeymen level carpenter.  He has been employed in construction since 2005 and is the financial supporter of his family.  Currently, he works 60 hours per week as a heavy equipment operator at CVC, a concrete company in Sacramento, CA.

DEFENDANT'S SENTENCING MEMORANDUM

### III.    3553 (A) FACTORS

In sentencing the Defendant, the Court must consider factors listed in 18 U.S.C. § 3553

(a).  The history and characteristics of the Defendant, and the nature and circumstances of the

offense.

### A.  Nature and Circumstances of the Offense

On April 18, 2011, the Defendant, Anthony Tyler, and co-Defendants, Hammett and

Jackson, had been drinking heavily at several local bars throughout the evening.  After they were

heavily intoxicated, they went to the Full Stop market to purchase more alcohol.  All three

Defendants had been arguing throughout the evening and fighting amongst themselves.

There are differing accounts as to how the assault occurred. Suffice to say there was a

version that was established before the Federal investigation and after.   At some point Hammett

got into an altercation with victim, Sonya L., Thereafter, Jackson became involved and  reached

in through the open passenger's side window and punched Richard C. twice in the head. PSR ¶

8. Tyler then comes upon the scene during the ongoing altercation and approached the

passenger's side of the vehicle and smashed the car's windshield  with a tire/iron or crowbar.

PSR ¶ 8.

While Defendant Tyler did admit to being involved in the fight, he stated he approached

the car and smashed the windshield, because he heard victim, R.C., state, "Get the gun, get the

gun." PSR ¶ 12.  He said he saw someone reached under the seat of the car, and then he recalled

hitting the windshield with the tire iron. PSR ¶ 12.  He did not recall hitting anyone with the tire

iron, For this reason, Defendant stated in his early voluntary mirandized statement to the police

that he was attempting to protect himself and his friends by using the crowbar on the windshield.

DEFENDANT'S SENTENCING MEMORANDUM

Additionally, the defendant states that he did not recall anyone being called a "Nigger" and that the plea agreement was amended to exclude this claim. Further, he argues that he had a minor role in the offense. Tyler acknowledges that there were racial slurs being yelled during the altercation but not by him.

**History and Characteristics of the Defendant**

The Defendant admitted he had a "White Pride" tattoo on his arms and other tattoos on his body that he got when he was 16 or 17.  He stated to law enforcement that he used to associate with the Yuba County Peckerwoods. PSR¶ 13.  However, he no longer associates with that group and only got the tattoos as a youthful indiscretion after the death of his brother at age 15 deeply affected him.  He stated that his brother's death had a significant impact on his entire family and was responsible for the eventual divorce of his parents.  PSR¶ 48.

The Defendant has no prior history of any race crimes.  His girlfriend, of 13 years is of Latina descent as is his previous girlfriend Amanda.  He has an 11 year old daughter, Juliana, with his current girlfriend and a 16 year old son, Jacob, with his previous girlfriend.  He financially supports his son who lives with his mother and has partial custody. PSR ¶ 51. He has a close relationship with his children and family.

The defendant admits to drinking alcohol since he was 14.  He has previously had two DUIs .  He admitted that his excessive alcohol consumption on the night of the incident was directly related to his actions, and in that respect, alcohol has caused problems for him. PSR ¶54.

The court is urged to use its discretion in finding that the criminal history of the defendant is overstated and therefore find that a criminal history II is warranted pursuant to USSG 4A1(3)(b), on the grounds that the criminal history category significantly overstates the seriousness of the client's record. There is Ninth Circuit authority for such a

DEFENDANT'S SENTENCING MEMORANDUM

departure. *See U.S. v. Gregory* , 322 F.3d 1157, 1164-1165 (9th Cir. 2003); *U.S. v. Govan* , 152 F.3d 1088, 1095 (9th Cir. 1998); *U.S. v. Reyes* , 8 F.3d 1379, 1382-1383 (9th Cir. 1993). But for a misdemeanor conviction of driving with  suspended license the defendant would have had three criminal history points instead of four. Accordingly the guideline levels in this case should be 41-51 months.

Furthermore, the court should consider this particular unique defendant separate and apart from the others involved not only because of his current family and financial situation but also his involvement in this offense. No doubt this was a stupid act and he "knows this and gets this". He was drinking with his buddies when the altercation broke out and he used horrible judgment in becoming involved. The court should impose a sentence that only will provide just punishment but deter future criminal conduct. If any defendant has learned his lesson and paid the price, Anthony Merrill Tyler has. And for that reason alone the court is encouraged to consider an additional variance in this matter.

Date: October 6, 2014                                                /s/Ron Peters
                                                                                RON PETERS
                                                                                Attorney for Defendant
                                                                                **Anthony Merrell Tyler**

**DEFENDANT'S SENTENCING MEMORANDUM**