```
                IN THE UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF CALIFORNIA
                BEFORE THE HONORABLE JOHN A. MENDEZ


UNITED STATES OF AMERICA,

             Plaintiff,
vs.                                  Sacramento, California
                                     No. 2:13-cr-00011
BILLY JAMES HAMMETT,                 Tuesday, February 15, 2022
                                     10:18 a.m.
             Defendant.
_____/



                           --oOo--

             REPORTER'S TRANSCRIPT OF PROCEEDINGS

          (Proceedings held via Zoom video conference.)

                           --oOo--

APPEARANCES:

For the Government:          UNITED STATES ATTORNEY'S OFFICE
                             DENISE YASINOW
                             Assistant U.S. Attorney
                             501 I Street, Suite 10-100
                             Sacramento, CA  95814

For the Defendant:           OFFICE OF THE FEDERAL DEFENDER
                             DOUGLAS BEEVERS
                             Assistant Federal Defender
                             801 I Street, Third Floor
                             Sacramento, CA  95814

Official Reporter:           KACY PARKER BARAJAS
                             CSR No. 10915, RMR, CRR, CRC
                             UNITED STATES DISTRICT COURT
                             501 I Street, Suite 4-200
                             Sacramento, CA  95814
                             kbarajas.csr@gmail.com


Proceedings recorded by mechanical stenography.  Transcript
produced by computer-aided transcription.
```

1          SACRAMENTO, CALIFORNIA, TUESDAY, FEBRUARY 15, 2022, 10:18 AM
2                              --oOo--
3          THE CLERK:  Calling criminal case 13-0011,
4   United States versus Billy James Hammett.
5          THE COURT:  Good morning.  Counsel, if you could state
6   your appearance for the record, please.
7          MS. YASINOW:  Good morning, your Honor.  Denise
8   Yasinow for the United States, and we consent to proceed by
9   Zoom today.
10         THE COURT:  Good morning.
11         MR. BEEVERS:  Good morning, your Honor.  Doug Beevers
12  for Billy Hammett who is present in custody.  We consent to
13  appear by Zoom.
14         THE COURT:  Good morning.  Thank you.
15         Mr. Hammett, can you hear me?
16         THE DEFENDANT:  Yes, sir.
17         THE COURT:  Are you okay with us proceeding by way of
18  video this morning?
19         THE DEFENDANT:  Yes, sir.
20         THE COURT:  All right.
21         In light of counsel's stipulation and the orders
22  issued by the Eastern District of California, the Court is
23  authorized to proceed by way of video conferencing this morning
24  to conduct this disposition hearing.  With the consent of the
25  defendant, the Court finds that it is in the interest of

1    justice to proceed by way of video this morning.  The procedure
2    will prevent the defendant from remaining incarcerated any
3    longer than is necessary, also will satisfy the objectives of
4    sentencing under the sentencing guidelines.
5         All right.  We're on for disposition this morning.
6    Mr. Hammett admitted to counts 1, 2, 3, and 5 of the petition
7    back on January 11th, 2022.  I do have a disposition memorandum
8    from probation.  That is dated February 1st, 2022.
9         Any corrections to that memorandum, either counsel,
10   that I need to make?
11        MS. YASINOW:  Not from the government.
12        MR. BEEVERS:  No, your Honor.
13        THE COURT:  Okay.  And Mr. Beevers, did you get an
14   opportunity to go over this memorandum with Mr. Hammett and
15   discuss it with him?
16        MR. BEEVERS:  Yes, your Honor.
17        THE COURT:  Okay.  Any legal cause why we shouldn't
18   proceed this morning?
19        MR. BEEVERS:  No, your Honor.
20        THE COURT:  Ms. Yasinow?
21        MS. YASINOW:  No, your Honor.
22        THE COURT:  Okay.
23        All right.  The Court will adopt the guidelines set
24   forth on page 5, and the Court will find that criminal history
25   category Roman numeral V was found applicable at the original

1    sentencing.  Custody term for this violation, the range is
2    seven to 13 months under sentencing guideline 7B1.4(a).
3            I'll hear from the government first, your position.
4            MS. YASINOW:  Yes, your Honor.  The government would
5    adopt the recommendation of the probation office for a sentence
6    of eight months in custody followed by 22 months of supervised
7    release which would include a three-month term at Wellspace
8    residential treatment program.
9            THE COURT:  Thank you.  Mr. Beevers?
10           MR. BEEVERS:  Your Honor, defense is asking the Court
11   to impose a different mix of prison and treatment.  The defense
12   has brought in our social work staff.  Mr. Hammett has a lack
13   of trust with probation, not due to his officer personally but
14   due to his experiences in the past, and by getting our social
15   work team involved who work for him but have similar objectives
16   to Officer Fidelman, I believe we're working to have a better
17   and smoother probation and supervision because we would have
18   two raters.  We are asking the Court to include the three
19   months with Wellspace but less prison time up front and with
20   additional home confinement to meet the guidelines.  Perhaps
21   four-month custody, four-month treatment would be an even
22   balance.  The eight months plus three would be sort of a
23   high-end sentence, and we're asking the Court to put sort of a
24   middle, balanced sentence.
25           THE COURT:  Oh, I see.  So, in effect, it would be an

1   11-month sentence rather than an eight-month sentence, right?
2   That's the recommendation, Ms. Fidelman?
3            OFFICER FIDELMAN:  Yes, your Honor.
4            THE COURT:  Okay.  Go ahead, Ms. Beevers.
5            MR. BEEVERS:  Right.  We're asking -- I think that he
6   could benefit some from the treatment, everyone agrees on that,
7   but following it by perhaps some home confinement might be
8   useful.  He has a baby coming along.  Being at home with that
9   is certainly not any easy time and would be very useful for him
10  and his family.  He also has a job that's waiting for him.
11  It's in Grass Valley.  So it is a little bit of a commute, but
12  it pretty much occupies his time.  They are waiting for him to
13  come back, and I think that's helpful.  I think a lot of this
14  happened because of lack of trust, which is his own experience,
15  but it's something that he has to work with and we will work
16  with him on that.  That's all.
17           THE COURT:  Mr. Hammett, anything you would like to
18  say before I impose disposition?
19           THE DEFENDANT:  Yes, sir.  I would just like to say
20  just for the record, you know what I mean, like I'm going to
21  respect whatever your wishes are.  Of course, like you're a
22  judge.  Whatever you guys feel necessary for me, you know, I'm
23  willing to take.  I just feel like the time in custody, I've
24  never once had any kind of programs, no nothing like that, you
25  know, what I mean?  Like in custody, there ain't -- whether you

1   guys know it or not, there really ain't nothing that you can
2   really benefit from being in custody.  There ain't --
3   everything is overpacked, overjammed.  Everything's
4   overcrowded.  There's lines like literally like four-month wait
5   just to see like anything, any kind of programs, you know.  So
6   I was just hoping -- just ask for a little bit of leniency, you
7   know what I mean, because I'm about to lose my house,
8   everything.
9           I mean, my fiancee, my pregnant fiancee, she's
10  literally struggling with all the bills right now.  But I
11  understand I messed up, but I just don't feel like I should
12  lose everything because this is the longest I've ever been out
13  my entire life, you know what I mean, was close to like two,
14  two and half years.  I feel it's just a little bit harsh to
15  lose everything over a mistake, you know.  But with that being
16  said, I respect your wishes and take whatever you got to give
17  me.  Thank you.
18          THE COURT:  All right.  I appreciate that.  How long
19  has Mr. Hammett been in custody this time around?
20          MR. BEEVERS:  A little over a month.
21          THE DEFENDANT:  Since January 1st.
22          THE COURT:  Says he was arrested on January 4th.
23          THE DEFENDANT:  It's the 1st, your Honor, sorry.
24          THE COURT:  Okay.  The Court states that it has
25  considered the statutory provisions including sentencing

1    factors set forth at 18 U.S.C. Section 3583(e) as well as
2    policy statements issued by the Sentencing Commission.  I find
3    that Mr. Hammett has violated the terms and conditions of his
4    supervision as alleged in the petition filed on September 14,
5    2021.
6            It is the judgment of the Court that supervised
7    release that was granted on March 25th, 2014, is revoked.  I'm
8    going to commit Mr. Hammett to a custody term of four months
9    and an additional term, as recommended by probation, of at
10   least three months in a residential treatment facility.
11           Ms. Fidelman or whoever is his probation officer is
12   going to be in charge of that program.
13           Mr. Beevers, if your social worker wants to provide
14   input, that's fine, but he's got to work with his probation
15   officer, not with your social worker.
16           And that means, Mr. Hammett, you need to understand
17   that you need to go along with what probation is providing and
18   trying to help you with.  I don't think it meets the goals of
19   the guidelines for supervised release violations to keep you in
20   custody as long as I know you can be in a program.  If you fail
21   that program, you're going to go right back to custody, and
22   you're going to be right back where you're at.  So I'm willing
23   to give you an opportunity to participate and complete a
24   program.
25           I know Ms. Fidelman said at least three months.  If

1  you need to make that longer, you have authorization to do
2  that, but the custody term, I will make that to be four months;
3  and hopefully we can get him into a program.
4           Any previously imposed criminal monetary penalties
5  that remain unpaid remain in effect.
6           Upon release from jail or prison, Mr. Hammett is
7  placed back on supervised release for a term of 22 months.
8           Within 72 hours of release from the custody of Bureau
9  of Prisons, Mr. Hammett is ordered to report in person to the
10 probation office in the district to which he is released.
11          While on supervised release, Mr. Hammett, you shall
12 not commit another federal, state, or local crime.  You shall
13 not possess a firearm as defined at 18 U.S.C. Section 921.  You
14 shall not illegally possess any controlled substances.  You
15 must cooperate in the collection of DNA as directed by
16 probation, and you're ordered to comply with the standard
17 conditions recommended by the United States Sentencing
18 Commission.  Those are readopted and reimposed by the Court.
19          You shall refrain from any unlawful use of a
20 controlled substance.  We will drug test you.  Probation will
21 drug test you within 15 days of release on supervised release
22 and at least two periodic drug tests thereafter not to exceed
23 four drug tests per month.
24          There are special conditions, seven of them, on pages
25 6 and 7 of the disposition memorandum.  All seven of those

1 special conditions are also adopted by the Court and
2 incorporated into the Court's sentencing order.
3     You have the right to appeal. If you desire to
4 appeal, you have to file a notice of appeal within 14 days of
5 today's date. If you cannot afford an attorney for your
6 appeal, the Court will appoint one for you.
7     Ms. Yasinow, any motions?
8     MS. YASINOW: Yes, your Honor. The government would
9 move to dismiss count 4 of the petition.
10     THE COURT: That motion is granted.
11     Anything further, Mr. Beevers?
12     MR. BEEVERS: No, your Honor. Thank you.
13     THE COURT: Good luck, Mr. Hammett.
14     THE DEFENDANT: Thank you very much, your Honor.
15     (The proceedings adjourned at 10:30 a.m.)
16     --oOo--
17 I certify that the foregoing is a correct transcript from the
18 record of proceedings in the above-entitled matter.
19     /s/ Kacy Parker Barajas
20     _____
    KACY PARKER BARAJAS
    CSR No. 10915, RMR, CRR, CRC
21
22
23
24
25